WRIGHT, J.
That is no book account. It is a ehecJc-booh, a mere memorandum of a merchant, of the checks he draws on his banker. He cannot be sworn to such memorandum in his own case.
A witness was then introduced to prove that Goodin gave him a check on the bank, for $100, upon the 27th of July, to be endorsed on the note, when paid. The clerk of the bank then produced the check, which was read to the- jury.
Morris, contra.
WRIGHT, J. to the jury. The plaintiff is entitled to recover the amount of the note, with interest since it fell due, deducting therefrom whatever sums have been paid. A forty d ollar payment is endorsed on the note. As to that, you will have no difficulty. Payment may be given in evidence under the general issue. No notice is required. As to the hundred dollars, the defendant claims that he has proven the delivery of a check on the bank for one hundred dollars, as payment, and that the payment is to be inferred from the possession of the check, now being in the bank, on which it was drawn. If you are satisfied, by the evidence, that the check was taken by the plaintiff in payment, to be endorsed on the note if paid, it will be a very reasonable presumption to hold the check *paid, as it is found in the possession of the banker upon whom [220 it was drawn, and no complaint is made of its non-payment.
Yerdict for the plaintiff, deducting the hundred and forty dollars, and judgment accordingly.
[Marginal memoranda not a book account; Watts v. Shewell, 31 O. S. 331, 335.]